IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD A. JOINER, #Y22391, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS LARSON, <br> JOHN BALDWIN, <br> D. GALLOWAY, <br> LT. CLARK, <br> WARDEN SULLIVAN, <br> C/O BRAKE, <br> C/O JONES, <br> JOHN DOES, *unidentified members of the orange crush team,*[1] **and** <br> WEXFORD HEALTH SOURCES, INC., <br><br> Defendants. | Case No. 19-cv-01257-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Richard Joiner, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that staff at Big Muddy injured his shoulder and then did not provide adequate medical treatment. He seeks monetary damages and declaratory and injunctive relief.

The First Amended Complaint[2] is now before the Court for preliminary review

---

[1] Joiner claims that various members of the orange crush team handcuffed him behind his back on February 22, 2019, and so the Clerk of Court is directed to modify the docket from "John Doe" to "John Does." (*See* Doc. 9, p. 3).

[2] Joiner filed the First Amended Complaint on March 5, 2020, prior to the Court conducting a preliminary review of the original Complaint. Because the First Amended Complaint supersedes and replaces the

pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* First Amended Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Joiner alleges the following: On May 15, 2018, he was taken to the internal affairs office at Big Muddy to be interviewed regarding a fight that had occurred between several inmates. (Doc. 9, p. 2). Joiner was held for approximately three hours with his hands cuffed behind his back the entire time. Several times he complained that his shoulders were hurting, but the handcuffs were not moved to the front until he was in the interview room. After the interview, his hands were again cuffed behind his back, and he was taken back to his cell. (*Id.*). He was in excruciating pain and requested a sick call visit. Nine days after the injury, he was given ibuprofen and x-rays were ordered. (*Id.* at p. 3).

After the x-rays were taken, Joiner had a follow-up appointment with the physician assistant, Galloway, who said that Joiner had arthritis and nothing could be done. He was given a few sessions of physical therapy, but the sessions were discontinued because medical staff claimed the sessions were causing more harm than

---

original, the Court will screen the First Amended Complaint pursuant to Section 1915A. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

good. A request for an orthopedic surgical consult was submitted, but the request was denied by Dr. Larson and Wexford Health Sources, Inc. ("Wexford"). Joiner continued to file grievances and complaints about his ongoing shoulder pain, but his grievances were not answered.

On February 22, 2019, the orange crush team came to Joiner's cell and handcuffed him with his hands behind his back, even after he told them about his shoulder injury. Joiner continues to suffer from shoulder pain that causes difficulty sleeping, and he is unable to lift his right hand above his shoulder. (*Id.*).

### PRELIMINARY DISMISSALS

Joiner lists Lieutenant Clark in the case caption but does not describe how Clark violated his constitutional rights. In fact, Clark is not referenced in the statement of claim at all. Merely invoking the name of a potential defendant by listing him in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, Clark cannot be held liable solely because he is the internal affairs supervisor, as liability under Section 1983 cannot be established by the mere fact that a defendant is a supervisor. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, Clark will be dismissed as a defendant.

Wexford will also be dismissed. To state a claim against a private corporation, Joiner must demonstrate that the alleged wrongdoers acted pursuant to an unconstitutional policy or custom attributable to Wexford and that the policy or custom was the moving force behind the constitutional violation. *See Jackson v. Ill. Medi–Car, Inc.*,

300 F.3d 760, 766 n.6 (7th Cir. 2004); *Gable v. City of Chic.,* 296 F.3d 531, 537 (7th Cir. 2002). Here, Joiner has not alleged any policy or custom attributable to Wexford. Therefore, any intended claims against Wexford are dismissed without prejudice.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate following two Counts:

> **Count 1:** Eighth Amendment excessive force against Jones, Brake, and John Does, orange crush team, for handcuffing Joiner's hands behind his back injuring his shoulder.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Dr. Larson, Galloway, Baldwin, and Sullivan for inadequate treatment of Joiner's shoulder injury.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

## Count 1

Joiner claims that Jones and Brake left him handcuffed with his hands behind his back for three hours on May 15, 2018, despite his complaints of pain, and John Doe Defendants, members of the orange crush team, exasperated his shoulder injury by again handcuffing him behind his back on February 22, 2019. This is sufficient to allow the Eighth Amendment claim in Count 1 to proceed. *See Stewart v. Special Adm'r of Estate of*

---

[3] *See Bell Atlantic Corp.,* 550 U.S. 544, 555 (2007).

*Mesrobian*, 559 F. App'x 543, 548 (7th Cir. 2014) ("even security measures as ordinary as handcuffs can be used in ways that violate the constitution"); *Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (prisoner's allegations, including that he suffered unnecessary pain while handcuffed for seven hours, were sufficient to state Eighth Amendment violation.).

**Count 2**

Joiner alleges that Physician Assistant Galloway told him there was nothing he could do for his shoulder injury and Dr. Larson denied his surgical consult. While it is not entirely clear that these actions were done with deliberate indifference, at this early stage, Joiner's claims that he suffered significant shoulder damage and pain and that Defendants failed to provide necessary treatment survive screening. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997) ("[i]nadequate treatment of a serious nature can qualify" as a sufficiently serious deprivation). Count 2 shall proceed against Galloway and Dr. Larson.

Joiner claims that Director of IDOC Baldwin and Warden Sullivan did not respond to his grievances. He states that he is proceeding with his Eighth Amendment claim of deliberate indifference against Director Baldwin and Warden Sullivan in their official capacities only. "Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). To state an official capacity claim, the plaintiff must allege that the governmental entity's "policy or custom…played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citations and quotations omitted). Joiner's allegation that he did not receive responses to his grievances does not sufficiently

state an official capacity claim, and thus, the claims against Baldwin and Sullivan are dismissed.

To the extent that Joiner seeks injunctive relief, the proper defendant is the warden of the facility. *See generally Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Warden Sullivan will remain a defendant in his official capacity for the purpose of implementing any injunctive relief that is ordered. The official capacity claims against Dr. Larson and the John Doe Defendants are duplicative and shall be dismissed. Because there are no other claims asserted against Director Baldwin, he will be dismissed from this action.

### MOTION FOR RECRUITMENT OF COUNSEL

Joiner has filed a Motion for Recruitment of Counsel (Doc. 3), which is denied.[4] Joiner discloses two unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Joiner indicates that he has no legal education and no experience as a lawyer. His lack of legal experience and education is not unique to him as a *pro se* litigant and does not necessarily warrant recruitment of counsel at this time. The First Amended Complaint has survived screening, and Joiner's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Once discovery has commenced, if Joiner has significant difficulty, he may refile his motion.

---

[4] In evaluating Joiner's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

### MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE

Because Joiner has been granted pauper status (Doc. 6) and the Court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis*, his Motion for Service of Process at Government Expense (Doc. 5) is denied as moot.

### IDENTIFICATION OF UNKNOWN DEFENDANTS

Joiner will be allowed to proceed with claims against the John Doe Defendants, unidentified members of the orange crush team, but these individuals must be identified with particularity before service of the First Amended Complaint can be made. Joiner will have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, Warden Sullivan shall be responsible for responding to discovery aimed at identifying this unknown defendant. Once the name of the individuals are discovered, Joiner shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the First Amended Complaint.

### DISPOSITION

For the reasons set forth above, the First Amended Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 1** shall proceed against **Jones, Brake,** and **John Doe Defendants (unidentified members of the orange crush team),** and **Count 2** shall proceed against **Galloway, Dr. Larson,** and **Sullivan (official capacity only). Wexford, Clark,** and **Baldwin** are dismissed from this action, and the Clerk of Court is **DIRECTED** to terminate them as defendants.

The Motion for Recruitment of Counsel (Doc. 3) and Motion for Service of Process

at Government Expense (Doc. 4) are **DENIED**.

The Clerk of Court shall prepare for **Jones, Brake, Dr. Larson, Galloway, Sullivan (official capacity only),** and **John Does (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Joiner. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Joiner, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on **John Doe Defendants** until such time as Joiner has identified them by name in a properly filed motion for substitution. Joiner is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to

the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Joiner, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Joiner is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk of Court is further **DIRECTED** to modify the docket in accordance with footnote 1.

**IT IS SO ORDERED.**

DATED:   May 7, 2020

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Joiner is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Joiner need not submit any evidence to the Court at his time, unless otherwise directed by the Court.