IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD A. JOINER,** **#Y22391,** <br><br> **Plaintiff,** <br><br> v. <br><br> **DENNIS LARSON,** *et. al*, <br><br> **Defendants.** | Case No. 19-cv-01257-SPM |

# <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to dismiss for failure to state a cause of action filed by Defendant Gary Gerst (Doc. 23) and a motion to appoint counsel (Doc. 41) filed by Plaintiff Richard Joiner. For the reasons set forth below, the motion to dismiss is granted and the motion to appoint counsel is denied.

### MOTION TO DISMISS

Plaintiff Richard Joiner, and inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. (Doc. 9). He claims that staff at Big Muddy injured his shoulder and then did not provide adequate medical treatment. Joiner is proceeding with an Eighth Amendment claim of excessive force against Defendants Jones, Brake, and John Does, unidentified members of the orange crush team, and an Eighth Amendment claim of deliberate indifference against Defendants Dr. Larson, Gerst, and Sullivan. (Doc. 10).

In the motion to dismiss, Defendant Gerst argues that the First Amended Complaint fails to state how he acted with deliberate indifference and makes no reference to any care or omission

of treatment by Gerst to support a claim that he provided inadequate treatment in violation of the Eighth Amendment. (Doc. 23, p. 3). Because Joiner does not provide Gerst with a fair notice of the basis for his deliberate indifference claim, Gerst contends that the First Amended Complaint has failed to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Therefore, Gerst asks the Court to dismiss the claim against him. Joiner did not file a response to the motion. Pursuant to Local Rule 7.1(c), the Court considers his failure to respond an admission of the merits of the motion.

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). When asserting a deliberate indifference claim, a plaintiff "must plead sufficient facts to demonstrate that a fact finder could infer deliberate indifference from the [provider's] treatment decisions." *Sanville v. McCaughtry,* 266 F .3d 724, 734 (7th Cir. 2001). A "complaint that a [provider] has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

Amendment." *Id.* (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

In the First Amended Complaint, Joiner alleges that after x-rays of his shoulder were taken, he had a follow up appointment with Gerst, a physician assistant. (Doc. 9, p. 3). At the appointment, Gerst stated that Joiner had arthritis and nothing else could be done. Joiner was then given a few sessions of physical therapy that were eventually discontinued because "they" claimed that the sessions were doing more harm than good. (*Id.*). Other than this interaction with Gerst at the follow up appointment, Joiner makes no additional claims regarding Gerst's conduct, diagnosis, or treatment decisions. "To violate the Eighth Amendment the official must knowingly disregard a substantial risk to inmate health or safety." *Sanville,* 266 F. 3d at 735. There is no indication that Gerst knew Joiner was experiencing ongoing shoulder pain and then failed to treat him. Given these facts, the Court finds that Gerst's conduct does not amount to deliberate indifference, and the motion to dismiss is granted.

## MOTION TO APPOINT COUNSEL

Joiner has filed a second motion asking the Court to recruit counsel on his behalf. (Doc. 41). Although the Court already determined that Joiner demonstrated reasonable efforts to locate an attorney on his own without success, the Court is not persuaded that he requires court recruited counsel to assist him at this time.[1] (*See* Doc. 10). The sole reason Joiner gives for being unable to represent himself is a lack of legal knowledge. He states that he will be transferring from Pontiac Correctional Center into federal custody and will no longer have access to law clerks to assist him. Joiner claims that without assistance, he will not be able to file motions. Currently, motions for summary judgment on exhaustion have been filed by Defendants and Joiner has filed a response in opposition, which is clearly written and contains legal citations. While it is not clear how much

---

[1] In evaluating the Motion to Appoint Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

assistance Joiner has received from other inmates in litigating his case, Joiner has indicated he has a high school education and has shown he can read, write, and communicate with the Court. Until the Court rules on the motions for summary judgment, there are no deadlines for Joiner to meet or motions to file. The Court finds that he will be capable of representing himself while these motions remain pending. If the case survives summary judgment on exhaustion, a scheduling order will be entered directing Joiner on how to proceed with merits discovery. At this time, should discovery prove overly burdensome or complex, Joiner may renew his motion. For these reasons, the motion to appoint counsel is denied.

### UNIDENTIFIED DEFENDANTS

In the Initial Scheduling and Discovery Order, the Court set a deadline of October 5, 2020, for Joiner to file a motion to substitute specific Defendants for the Doe Defendants or, if any of the Doe Defendants remain unidentified, to file a motion specifying additional steps that could be taken to identify the Doe Defendants. (Doc. 29, p. 3). The Court stated that failure to file a motion to substitute by that date would result in the dismissal of the Doe Defendants without prejudice. (*Id*.). Additionally, the Court set a deadline of November 4, 2020, for Joiner to file a motion for leave to amend the complaint to include any additional claims or parties. (*Id.* at p. 4). The Court noted that failure to comply would likely bar further amendment of the complaint (*Id.*). Joiner has not filed a motion to substitute or moved to amend the complaint to identify the Doe Defendants, and he has not otherwise informed the Court of their identities. Accordingly, John Does, members of the orange crush team, are dismissed without prejudice.

### DISPOSITION

For the reasons state above, the Motion to Dismiss (Doc. 23) filed by Defendant Gerst is **GRANTED.** Count 2 is **DISMISSED** with prejudice against Defendant Gerst. The Clerk of Court is **DIRECTED** to **TERMINATE** him as a defendant.

The Motion to Appoint Counsel (Doc. 41) filed by Plaintiff Joiner is **DENIED without prejudice**.

The John Does, members of the orange crush team, are **DISMISSED** without prejudice, and the Clerk of Court is **DIRECTED** to **TERMINATE** the John Does as defendants.

**IT IS SO ORDERED.**

DATED:   February 19, 2021

                                             *s/Stephen P. McGlynn*
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**